Filed 3/10/21  P. v. Shellock CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GENESIS C. SHELLOCK,<br><br>      Defendant and Appellant. | A158972<br><br>(San Mateo County<br>Super. Ct. No. SC083423A) |

Appellant Genesis C. Shellock (Appellant) appeals from the trial court's summary denial of his Penal Code section 1170.18[1] petition seeking reclassification of a conviction under Vehicle Code section 10851 as a misdemeanor.  Because any error by the court was harmless, we affirm.

PROCEDURAL BACKGROUND

In June 2015, the San Mateo County District Attorney filed an information charging Appellant with seven crimes arising out of a January 2015 incident: driving or taking a vehicle (a motorcycle) without consent after a prior conviction (Veh. Code, § 10851; § 666.5); fleeing a pursuing peace officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2, subd. (a)); leaving the scene of an accident (Veh. Code, § 20001, subd. (a)); false

---

[1] All undesignated statutory references are to the Penal Code.

personation (§ 529, subd. (a)(3)); two counts of giving false information to a police officer (§ 148.9, subd. (a)); and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). The information further alleged prior strike convictions (§§ 667, subd. (d), 1170.12, subd. (b)) and prior prison terms (§ 667.5).

In January 2016, a jury found Appellant guilty of all charges, and the trial court found the alleged priors true. In June, the court sentenced Appellant to prison for nine years eight months. The court also ordered Appellant to pay victim restitution to the owner of the stolen motorcycle in the amount of $5,976.29. In July 2017, this court affirmed the judgment. (*People v. Shellock* (July 20, 2017, A148591) [nonpub. opn.]).[2]

In March 2019, Appellant petitioned under section 1170.18 for resentencing on his conviction for violating Vehicle Code section 10851. The San Mateo County District Attorney opposed the petition and, in September, the trial court summarily denied the petition. This appeal followed.

FACTUAL BACKGROUND

This court's prior opinion summarized the underlying incident, in relevant part, as follows: "On a January 2015 afternoon, California Highway Patrol Officer William Torr was on Interstate 280 when he saw a man—later identified as Shellock—driving a motorcycle over 100 miles per hour in a 65-mile-per-hour zone. As Officer Torr pursued the motorcycle in his patrol car with lights and sirens activated, Shellock weaved through traffic, traveling approximately 110 miles per hour. Shellock exited the freeway and Officer Torr followed. [¶] Along the freeway offramp, Officer Torr found the motorcycle on its side, just behind the rear of a Volvo. The motorcycle had

---

[2] On December 2, 2020, this court granted respondent's request for judicial notice of the record in appeal number A148591.

collided into the Volvo. Shellock ran away, and jumped over a fence. Officer Torr ran a record check on the motorcycle and learned it had been reported stolen. Law enforcement officers searched for Shellock; about 30 minutes after the collision, Shellock crawled out from underneath the fence." (*People v. Shellock, supra,* A148591, at p. 1.)

DISCUSSION

"In November 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. [Citation.] Proposition 47 reduced certain drug and theft offenses to misdemeanors unless the offenses were committed by otherwise ineligible defendants." (*People v. Simms* (2018) 23 Cal.App.5th 987, 993.) Following the filing of a resentencing petition, the trial court "initially undertakes a screening determination focused on whether the petitioner has made out a prima facie case for relief. [Citation.] At the screening stage, the petitioner bears the burden of proving the eligibility criteria . . . ." (*Ibid.*) "While the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law, ' "[a]n evidentiary hearing is required if . . . there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact." ' " (*Ibid.*)

Proposition 47's resentencing provision, section 1170.18, subdivision (a), provides, in pertinent part: "A person who, on November 5, 2014, was serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with" various sections of

3

the Health and Safety Code and Penal Code. The cited provisions include section 490.2, subdivision (a), added by Proposition 47, which provides in pertinent part: "Notwithstanding [s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

Under the above provisions, "a person serving a sentence for grand theft under . . . section 487 or another statute expressly defining a form of grand theft . . . is clearly eligible for resentencing under section 1170.18 if he or she can prove the value of the property taken was $950 or less. [Citation.] This means that a person serving a sentence for conviction of grand theft of an automobile (Pen. Code, § 487, subd. (d)(1)), for example, could seek resentencing under section 1170.18 if the vehicle taken was worth $950 or less." (*People v. Page* (2017) 3 Cal.5th 1175, 1182 (*Page*).)

In *Page*, *supra*, 3 Cal.5th at page 1182, the Supreme Court considered whether "the same would be true for a defendant convicted under Vehicle Code section 10851." The court explained, "Vehicle Code section 10851 differs in two important ways from . . . section 487, subdivision (d)(1). For one thing, the Vehicle Code section does not expressly designate the offense as 'grand theft.' And for another, its prohibitions sweep more broadly than 'theft,' as the term is traditionally understood. Vehicle Code section 10851 punishes not only taking a vehicle, but also driving it without the owner's consent, and 'with intent *either* to permanently *or temporarily* deprive the owner thereof of his or her title to or possession of the vehicle, *whether with or without intent to steal the vehicle*.' (Veh. Code, § 10851, subd. (a), italics added.)" (*Page*, at p. 1182.)

4

In effect, the Vehicle Code section 10851 offense has "theft and nontheft forms"—for stealing a vehicle and for driving it in a prohibited manner. (*Page*, *supra*, 3 Cal.5th at p. 1183.) " '[U]nlawful driving of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete. . . . Therefore, a conviction under section 10851(a) for posttheft driving is not a theft conviction . . . .' " (*Page*, at p. 1183.) "By its terms, Proposition 47's new petty theft provision, section 490.2, covers the theft form of the Vehicle Code section 10851 offense," and a defendant "convicted of a felony for stealing a vehicle worth $950 or less (before Proposition 47's passage)" may seek resentencing because such a defendant "would have been guilty only of a misdemeanor had section 490.2 been in effect at the time." (*Page*, at p. 1184.) In essence, "Proposition 47 makes some, *though not all,* section 10851 defendants eligible for resentencing: A defendant convicted and serving a felony sentence under Vehicle Code section 10851, subdivision (a), for vehicle theft—taking a vehicle with the intent to permanently deprive the owner of possession—could (if the vehicle was worth $950 or less) receive only misdemeanor punishment pursuant to section 490.2 and is thus eligible for resentencing under section 1170.18." (*Page*, at p. 1184 [italics added]; see also *People v. Bullard* (2020) 9 Cal.5th 94 (*Bullard*).)

Appellant acknowledges the rule described in *Page*, and he argues he "asserted in the attachment to his petition that theft of the motorcycle was subject to re-sentencing and that the testimony at trial established that the motorcycle was purchased by the victim in a used condition and was valued at less than $950." He argues the trial court was required to order an evidentiary hearing because "[t]he People offered no evidence of value nor evidence of what theory the People relied upon to obtain a conviction; they did not proffer the probation report, the jury instructions considered by jurors

5

or a verdict form indicating a theory of conviction." However, regardless of whether the trial court erred in failing to order an evidentiary hearing based on the showing made below, Appellant does not dispute that the record of conviction *in fact* shows he was convicted for posttheft driving. In particular, he does not dispute that the arresting officer testified that the motorcycle had been reported stolen on January 14, 2015, eight days prior to the January 22 chase that resulted in Appellant's arrest. The owner of the motorcycle also testified his motorcycle was stolen on January 14.

If this court were to remand for an evidentiary hearing, Appellant would bear the burden of establishing his eligibility for resentencing under section 1170.18, which would require a showing "that the conviction was based on theft of the vehicle rather than on posttheft driving." (*Page, supra*, 3 Cal.5th at p. 1188; see also *Bullard, supra*, 9 Cal.5th at p. 110; *People v. Romanowski* (2017) 2 Cal.5th 903, 916 ["The ultimate burden of proving section 1170.18 eligibility lies with the petitioner."].) But, "[w]here the evidence shows a 'substantial break' between the taking and the driving, posttheft driving may give rise to a conviction under Vehicle Code section 10851 distinct from any liability for vehicle theft." (*Page*, at p. 1188.) In the present case, the testimony at trial showed such a substantial break. Appellant does not claim that the trial court on remand could not consider the referenced trial testimony, that the evidence was disputed at trial, or that he could make any other showing raising doubt as to whether he was convicted for posttheft driving.

Based on the undisputed evidence Appellant's conviction was for posttheft driving, there is no "reasonable probability" Appellant "would have achieved a more favorable result" had the trial court conducted an evidentiary hearing to determine Appellant's eligibility for resentencing

under section 1170.18.  (*People v. Johnson* (2016) 1 Cal.App.5th 953, 968 [applying harmless error analysis to trial court error in determination of a defendant's eligibility for resentencing].)  Because any error was harmless, the trial court's order must be affirmed.  (*People v. Watson* (1956) 46 Cal.2d 818, 834–838.)[3]

## DISPOSITION

The trial court's order is affirmed.

---

[3] Because the record shows Appellant was convicted for posttheft driving, we need not consider whether Appellant made a prima facie showing the stolen motorcycle was worth less than $950 or whether any error in denying an evidentiary hearing was also harmless because there is no reasonable probability Appellant can show the value of the stolen motorcycle was less than $950.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BURNS, J.

(A158972)

8